**Reversed and remanded and Memorandum Opinion filed December 20, 2018.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-17-00859-CV

---

### SHANNON CURTIS, Appellant

### V.

### CHAD SEAN BAKER, Appellee

---

**On Appeal from the 164th District Court
Harris County, Texas
Trial Court Cause No. 2015-47231**

---

## M E M O R A N D U M   O P I N I O N

Appellant Shannon Curtis appeals a summary judgment granted in favor of appellee Chad Sean Baker on Baker's suit to quiet title, request for declaratory judgment, and request for attorneys' fees. Curtis and Baker dispute the ownership of a condominium. Curtis contends the condo was a gift to him from Baker's father. Baker contends the condo belongs to him because he executed a quitclaim deed at his father's request that transferred the condo to Curtis on the condition that Curtis

would pay Baker $33,000, which Curtis failed to do. The trial court agreed with Baker, quieting title in his name, declaring the quitclaim deed void, and awarding attorneys' fees and costs.

We conclude the trial court erred in granting summary judgment because fact issues exist. To establish his right to quiet title, Baker had to establish conclusively his right of ownership and the existence of a cloud on the title that equity would remove. *Essex Crane Rental Corp. v. Carter*, 371 S.W.3d 366, 388 (Tex. App.—Houston [1st Dist.] 2012, pet. denied). In his sole ground for summary judgment, Baker argued that the quitclaim deed should be declared void for failure of consideration. He did not conclusively establish his right of ownership in the subject property, and failure of consideration is insufficient to void a deed where evidence of fraud or undue influence is absent. We therefore reverse the trial court's judgment and remand the case for further proceedings.

## BACKGROUND

Curtis's summary-judgment evidence shows that in 2013, Curtis rented the condo from Baker's father. Baker's father owned several rental properties and put title to them in Baker's name, purportedly for reasons relating to social security benefits.[1] Curtis executed the rental agreement with Baker's father and paid monthly rental payments to him. Baker was not listed in the rental agreement and Curtis had no communication with Baker regarding the rental of the condo. Baker's father paid the condo's dues, fees, insurance, and maintenance.

Baker's father also lived in the same condominium complex. Curtis befriended Baker's father, who became terminally ill with cancer. Curtis ran errands

---

[1] In his motion for summary judgment, Baker states that he originally received the property from his father.

2

for Baker's father, took him to medical appointments, helped him clean, did his grocery shopping, and paid his bills, among other things. Curtis helped Baker's father in this manner, without payment, for a little over two years.

Curtis offered evidence of the following version of events, which Baker disputes in part. According to Curtis, Baker's father said he wanted to give the condo Curtis was renting to Curtis in exchange for Curtis's efforts in caring for him. Baker's father called Baker to the condo and asked Baker to sign a quitclaim deed transferring the condo from Baker to Curtis. Though Baker seemed upset about the transaction, Baker's father insisted on the transfer. Baker signed the deed, as witnessed by Baker's father and another witness, and a notary then notarized the signature. The quitclaim deed had a blank for consideration and the notary refused to notarize the document without the blank filled in. To satisfy the notary, Baker's father listed the approximate value of the condo—$33,000—as the consideration. Curtis maintains there was no expectation he would make any payments or provide any consideration to either Baker or Baker's father for the ownership of the condo, other than continued caretaking services. Curtis also maintains he was given the original deed and later recorded it in the real property records of Harris County.

Approximately eight months after executing the quitclaim deed, Baker brought this suit to invalidate the deed. Baker asserted claims: (1) to quiet title, (2) for a declaratory judgment that the deed is void for failure of consideration and Curtis lacks right, title, or ownership in the condo; and (3) for attorneys' fees under the Declaratory Judgments Act. Baker's father died a few months after Baker brought suit.

Baker moved for traditional summary judgment on his claims, asserting as his sole ground for judgment Curtis's failure to pay consideration. Baker cited no legal authority and made no arguments regarding the effect of failure to pay consideration

3

on the validity of a deed. Baker filed an affidavit stating he had not received the $33,000 recited in the deed for the condo, never authorized Curtis to file the deed, never gave the deed to Curtis, never authorized the transfer of the property to Curtis, and was never informed of the transfer by Curtis. Baker's motion included a request for attorneys' fees, and he attached an affidavit from his attorney setting forth the amount of fees and costs incurred.

Curtis filed a response to the motion, attaching his own affidavit describing how he received the condo and that Baker's father gave him the condo without expectation of payment. Curtis also challenged the request for attorneys' fees as well as the affidavit of Baker's attorney regarding fees.

The trial court granted Baker's motion for summary judgment, declared the quitclaim deed void, and awarded Baker $7,125.00 in attorneys' fees and $299.72 in costs. This appeal followed.

## ANALYSIS

Curtis raises two issues on appeal: (1) whether the trial court erred in granting summary judgment in favor of Baker; and (2) whether the trial court erred in awarding attorneys' fees under the Texas Declaratory Judgments Act, Tex. Civ. Prac. & Rem. Code Ann. § 37.009 (West 2015). Baker raises an alternative argument in his brief that Curtis's appeal is not timely because a prior order granting summary judgment should have been treated as final. We first address the finality argument because it potentially affects our jurisdiction to decide Curtis's issues. *See Lee v. Lee*, 528 S.W.3d 201, 208 (Tex. App.—Houston [14th Dist.] 2017, pet. denied) ("Thus, before we can reach the merits of the trial court's challenged rulings, we first must determine whether we have jurisdiction to do so.").

4

**I.     The prior order granting summary judgment was not final because it did not dispose of the request for attorneys' fees.**

In his live petition, Baker included a claim to quiet title, a claim for declaratory judgment, and a request for attorneys' fees under section 37.009 of the Texas Civil Practice and Remedies Code.  On April 15, 2016, Baker filed a motion for summary judgment asking the trial court to declare the quitclaim deed void for failure of consideration and to award him attorneys' fees under section 37.009.  On May 13, 2016, the trial court signed the first of two orders granting summary judgment in favor of Baker.  In that order, originally entitled "Final Order & Declaratory Judgement," the trial court purported to grant Baker's motion for summary judgment in its entirety and declared the quitclaim deed void as a matter of law.  The order contained a legal description of the condo at issue.  The trial court crossed out the word "Final" from the title of the document, crossed out a statement that would have ordered Curtis to pay Baker attorneys' fees, and crossed out the sentence stating: "This Order is FINAL and disposes of all parties & claims in this matter." Comments at a later hearing reveal that the trial court considered the request for attorneys' fees outstanding.

Baker argues the May 13, 2016 order was nevertheless a final order because it disposed of all parties and claims.  Because Curtis filed no motion that would have extended the appellate timetable from that May 13, 2016 order, Baker contends Curtis's appeal from the later order granting summary judgment on July 31, 2017, that is the subject of this appeal, is not timely.  We disagree.

A judgment that does not dispose of all parties and claims is interlocutory and will not be considered final for purposes of appeal unless the intent to finally dispose of the case is unequivocally expressed in the words of the order itself.  *In re Burlington Coat Factory Warehouse of McAllen, Inc.*, 167 S.W.3d 827, 830 (Tex.

5

2005) (orig. proceeding); *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 200 (Tex. 2001). By its express provisions, the May 13, 2016 order did not fully dispose of Baker's request for attorneys' fees. Although the order granted in its entirety Baker's motion for summary judgment in which he sought attorneys' fees, the trial court struck the word "final" from the order, deleted the blank left for a specific amount of attorneys' fees to be awarded, and struck language from the order stating that it disposed of all parties and all claims. The trial court advised Baker that the request for attorneys' fees remained pending.

The language of the order itself and the evidence in the record reflects that the May 13, 2016 order did not actually dispose of all claims in the case because the attorneys' fees claim remained pending. *See Farm Bureau Cnty. Mut. Ins. Co. v. Rogers*, 455 S.W.3d 161, 163 (Tex. 2015) (per curiam) ("[t]he order at issue here did not dispose of all parties and claims, because neither the language taxing court costs nor the Mother Hubbard clause disposed of the parties' claims for attorney's fees."); *Garcia v. Comm'rs Court of Cameron Cnty.*, 101 S.W.3d 778, 785 (Tex. App.—Corpus Christi 2003, no pet.) (holding order was not final even though it granted request for attorneys' fees because it did not set the amount nor address another party's claim for fees). The evidence in the record expressly indicates the trial court did not intend to render a final judgment by the May 13, 2016 order. *See Rogers*, 455 S.W.3d at 164 (noting lack of record evidence of the trial court's intent with respect to the parties' claims for attorney's fees in determining finality).

Baker points out that he filed a notice of nonsuit of his request for attorneys' fees on June 14, 2016. But that notice of nonsuit did not make the prior order final because the trial court did not sign an order of nonsuit. *See Iacono v. Lyons*, 6 S.W.3d 715, 716-17 (Tex. App.—Houston [1st Dist.] 1999, no pet.). In *Iacono*, the court explained:

A party has an absolute right to a nonsuit at the moment the party files a nonsuit. However, when a nonsuit is filed after a partial judgment has been signed, the judgment does not become final until the trial court signs either an order granting the nonsuit or a final judgment explicitly memorializing the nonsuit.

6 S.W.3d at 716. As in *Iacono*, the notice of nonsuit filed by Baker did not make the May 13, 2016 order final because he did not obtain an order memorializing the nonsuit.

In sum, the May 13, 2016 order was not a final order because it did not fully dispose of the request for attorneys' fees and the trial court indicated its intent not to render a final judgment.[2] The trial court thus retained jurisdiction and Curtis's appeal from the court's subsequent "Final Order & Declaratory Judgment" was timely.

## II.     Baker did not conclusively establish his title to the condo.

In his first issue, Curtis contends the trial court erred in granting summary judgment declaring the quitclaim deed void because Baker did not establish the required elements to quiet title in his name for the condo. After reviewing the record, we agree that Baker failed to conclusively establish his right to summary judgment because the sole ground offered by Baker—failure of consideration—is insufficient standing alone to void a deed. Baker failed to meet his burden of conclusively establishing his right to the relief sought.

---

[2] On January 13, 2017, the trial court vacated the May 13, 2016 order in response to a motion filed by Curtis. Baker then filed another motion for summary judgment, again asking the trial court to declare the quitclaim deed void for failure of consideration and to award him attorneys' fees under section 37.009. The trial court granted that motion for summary judgment, awarding the attorneys' fees and costs at issue in this appeal.

## A. Standard of review and applicable law

We review the trial court's order granting summary judgment de novo. *See Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). We consider all of the summary judgment evidence in the light most favorable to the nonmovant, crediting evidence favorable to the nonmovant if a reasonable factfinder could and disregarding contrary evidence unless a reasonable factfinder could not. *See Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 582 (Tex. 2006).

To prevail on a traditional motion for summary judgment, the movant must establish there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c). The non-movant bears no burden to respond to a motion for summary judgment unless the movant conclusively establishes its claim or defense. *M.D. Anderson Hosp. & Tumor Inst. v. Willrich*, 28 S.W.3d 22, 23 (Tex. 2000) (per curiam). Evidence raises a genuine issue of material fact if reasonable and fair-minded jurors could differ in their conclusions in light of all the summary-judgment evidence. *See Goodyear Tire & Rubber Co. v. Mayes*, 236 S.W.3d 754, 755 (Tex. 2007) (per curiam); *Transcontinental Ins. Co. v. Briggs Equip. Trust*, 321 S.W.3d 685, 692 (Tex. App.—Houston [14th Dist.] 2010, no pet.).

A plaintiff moving for summary judgment must conclusively establish all essential elements of his claim as a matter of law. *Univ. MRI & Diagnostics, Inc. v. Med. Lien Mgmt., Inc.*, 497 S.W.3d 653, 658 (Tex. App.—Houston [14th Dist.] 2016, no pet.). Evidence is conclusive only if reasonable people could not differ in their conclusions. *City of Keller v. Wilson*, 168 S.W.3d 802, 816 (Tex.2005).

A suit to quiet title relies on the invalidity of the opposing party's claim to the property. *Essex Crane Rental Corp. v. Carter*, 371 S.W.3d 366, 388 (Tex. App.—Houston [1st Dist.] 2012, pet. denied). It exists "to enable the holder of the feeblest equity to remove from his way to legal title any unlawful hindrance having the

8

appearance of better right." *Hahn v. Love*, 321 S.W.3d 517, 531 (Tex. App.—Houston [1st Dist.] 2009, pet. denied) (quoting *Bell v. Ott*, 606 S.W.2d 942, 952 (Tex. Civ. App.—Waco 1980, writ ref'd n.r.e.)). A plaintiff seeking summary judgment on his suit to quiet title must prove conclusively that: (1) he has a right of ownership; and (2) the adverse claim is a cloud on the title that equity will remove. *Carter*, 371 S.W.3d at 388; *Hahn*, 321 S.W.3d at 531; *see also Vernon v. Perrien*, 390 S.W.3d 47, 61 (Tex. App.—El Paso 2012, pet. denied). A cloud on title that equity will remove exists when a claim or encumbrance, if valid, would affect or impair the title of the property owner. *See Carter*, 371 S.W.3d at 388. "[T]he plaintiff has the burden of supplying the proof necessary to establish his superior equity and right to relief." *Hahn*, 321 S.W.3d at 531.

**B.** **Baker failed to establish his superior title or the existence of a cloud on his title that equity would remove.**

In his motion, Baker asserted only one ground for summary judgment on the suit to quiet title and for declaratory judgment: that the quitclaim deed was void for failure of consideration. In support, Baker stated that he is the proper owner of the condo, that he never agreed to transfer the property to Curtis prior to receiving the $33,000, and that the $33,000 was never paid. He also stated that the quitclaim deed was fraudulently created and filed with the clerk, though he offered no facts or evidence to support the allegation of fraud. Baker cited no legal authority for his argument that the failure to pay consideration rendered the deed void.

A party seeking relief in a suit to quiet title must establish that he has a right of ownership in the property. *See Vernon*, 390 S.W.3d at 61; *Hahn*, 321 S.W.3d at 531. There are two facets of ownership of property: legal title and equitable title. *See Estate of Wright*, 482 S.W.3d 650, 658 (Tex. App.—Houston [14th Dist.] 2015, pet. denied). Baker, as the plaintiff, bore the burden of supplying the proof necessary

to establish his ownership. *See Hahn*, 321 S.W.3d at 531. But Baker failed to prove conclusively that he owned the property at the time he executed the quitclaim deed to Curtis.

Baker does not state anywhere in his affidavit that he is the owner of the condo. Baker did attach to his motion the quitclaim deed to Curtis, which Baker executed. This deed can be considered some evidence of possible legal title in Baker at the time he executed the deed, but it is not conclusive because a quitclaim deed is not a warranty of title. *See Jackson v. Wildflower Prod. Co., Inc.*, 505 S.W.3d 80, 89 (Tex. App.—Amarillo 2016, pet. denied) ("[A] quitclaim deed is only a release and assignment of the grantor's claims to the property because it contains no covenant of seisin or representation of title in the grantor.").

There is evidence in the record, however, raising a fact issue as to whether Baker held legal title to the condo while Baker's father retained equitable title to the condo. According to Curtis's affidavit, Baker's father told Curtis that he put his rental properties in his son's name for purposes relating to social security benefits, but that Baker's father remained the owner.[3] Curtis executed a rental agreement with Baker's father, not Baker, and Baker's father paid all of the dues, fees, insurance, and maintenance on the condo. Thus, fact issues exist as to the extent of Baker's ownership interest in the condo. *See Estate of Wright*, 482 S.W.3d at 658

---

[3] On appeal, Baker claims there is no evidence his father was the one to put the condo in his name because the Harris County Appraisal District records do not show Baker's father as the prior owner of the property. We note that this is inconsistent with Baker's own statement in his motion for summary judgment that he received the condo from his father. In any event, the records referenced by Baker are not in the summary judgment record, so we do not consider them on appeal. *See Tex. Windstorm Ins. Ass'n v. Dickinson Indep. Sch. Dist.*, ___ S.W.3d ___, 2018 WL 4781526, at *6-7 (Tex. App.—Houston [14th Dist.] Oct. 4, 2018, no pet. h.); *Brookshire v. Longhorn Chevrolet Co.*, 788 S.W.2d 209, 213 (Tex. App.—Fort Worth 1990, no writ) (appellate court can consider only material on file with trial court at time summary judgment was granted). For the same reason, we do not consider Baker's reference to a letter sent by Curtis to the district clerk that was not included or even referenced in the summary judgment record.

("Ownership of the equitable estate is the real ownership; the legal estate is no more than the shadow following the equitable estate.") (internal quotation marks omitted); *see also Transcontinental Ins. Co.*, 321 S.W.3d at 696 (reversing summary judgment because conflicting evidence created fact issue).

Even if Baker had proven his ownership, he failed to establish conclusively that the quitclaim deed was void. "When a grantor transfers property, title to the property vests in the grantee upon execution and delivery of the deed conveying the property." *Watson v. Tipton*, 274 S.W.3d 791, 799 (Tex. App.—Fort Worth 2008, pet. denied) (citing *Stephens Cty. Museum, Inc. v. Swenson*, 517 S.W.2d 257, 261-62 (Tex. 1974)). A deed will not be rendered void by mere failure of consideration. *See id.* at 801; *see also Silvio v. Boggan*, No. 01-10-00081-CV, 2012 WL 524420, at *3 (Tex. App.—Houston [1st Dist.] Feb. 16, 2012, pet. denied) (mem. op.); *Uriarte v. Prieto*, 606 S.W.2d 22, 24 (Tex. Civ. App.—Houston [1st Dist.] 1980, writ ref'd n.r.e.). Instead, there also must be evidence of "fraud or undue influence in obtaining the deed." *Silvio*, 2012 WL 524420, at *3.

Baker stated in his affidavit in support of his motion that Curtis filed a "fraudulent quitclaim deed" in exchange for $33,000 that Curtis never paid. But Baker never presented any evidence of fraud or undue influence by Curtis in obtaining the deed. On appeal, Baker argues the following facts from his affidavit show fraud: (1) he signed the deed because Curtis was to tender $33,000; (2) Baker was unaware that Curtis took the deed; (3) Baker never gave the deed to Curtis; and (4) Baker did not authorize Curtis to file the deed.[4] The facts cited are either disputed

---

[4] Baker also makes statements in his brief on appeal suggesting that Curtis obtained the deed by wrongfully taking it from Baker's father's condo. But Baker presented no evidence to support these statements, and they are contradicted by Curtis's statement in his affidavit that he was given the deed. To the extent Baker contends he can rely on statements in his motion that were not contained in an affidavit because he verified his motion for summary judgment, we disagree. Pleadings, even if verified, are not competent summary-judgment evidence. *Laidlaw*

11

or otherwise fail to show the invalidity of the deed conclusively.

With regard to Baker's statement that he signed the deed because Curtis was to tender $33,000, Curtis's affidavit directly contradicts this statement. Curtis states that Baker's father insisted Baker sign the deed because that is what the father wanted done and that Curtis was never expected, nor did he promise, to pay $33,000. As to Baker's statement that he was unaware Curtis took the deed, Curtis's affidavit states that he was given the original deed after the signing before the notary.

Regarding Baker's statement that he did not give the deed to Curtis, Curtis states he was given the deed without specifying who gave it to him. But under the standard of review, a reasonable inference from the summary judgment evidence — including other proof of Curtis's version of events—is that Baker's father gave Curtis the deed, as Baker's father was present at the signing and requested that Baker execute the deed for Curtis. Turning to Baker's statement that he did not authorize Curtis to file the deed, that evidence, at most, creates a fact issue on whether the condo was conveyed to Curtis. The evidence that the deed was executed and recorded created a rebuttable presumption of delivery and intent by Baker to convey the condo to Curtis. *See Watson*, 274 S.W.3d at 799. Whether Baker did or did not authorize filing the deed is an issue to be resolved by the finder of fact in light of Curtis's testimony that he was given the deed and duly recorded it. *Cf. id.* (evidence did not create fact issue because presumption created by execution and proof of filing in deed records was not rebutted).

Although Baker contends on appeal that he did "in fact show some proof of fraud," Baker had the burden as the movant to establish the elements of his claims conclusively. We agree with Curtis that he did not do so. At a minimum, fact issues

---

*Waste Sys. (Dallas), Inc. v. City of Wilmer*, 904 S.W.2d 656, 660–61 (Tex.1995); *Nguyen v. Citibank N.A.*, 403 S.W.3d 927, 932 (Tex. App.—Houston [14th Dist.] 2013, pet. denied).

exist regarding whether the deed is valid. Therefore, the trial court's summary judgment for Baker on his claims to quiet title and for a declaratory judgment must be reversed. We sustain Curtis's first issue.[5]

### III. Having reversed the declaratory judgment, we remand for reconsideration of the attorneys' fee award.

In his second issue, Curtis argues the trial court's award of attorneys' fees under section 37.009 should not stand if the summary judgment is reversed. In addition, he contends Baker failed to establish that his fees were reasonable and necessary, were adequately segregated, or were equitable and just.

Section 37.009 of the Texas Civil Practice and Remedies Code authorizes an award of "reasonable and necessary attorney's fees as are equitable and just." Tex. Civ. Prac. & Rem. Code § 37.009; *Morath v. The Tex. Taxpayer & Student Fairness Coalition*, 490 S.W.3d 826, 885 (Tex. 2016). Whether to award fees under section 37.009 is within the discretion of the trial court, but whether the fees are equitable and just is a question of law. *Morath*, 490 S.W.3d at 885; *Bocquet v. Herring*, 972 S.W.2d 19, 21 (Tex. 1998). An award of fees under the Declaratory Judgments Act is not dependent upon a finding that a party prevailed on its claims. *Morath*, 490 S.W.3d at 885.

When we change on appeal the extent to which a party obtained declaratory relief from the trial court, we reverse an accompanying award of attorneys' fees and remand for reconsideration in light of the disposition on appeal. *See Morath*, 490 S.W.3d at 885 (noting practice is to remand for reconsideration of what is equitable

---

[5] Curtis also argues that the trial court erred in granting summary judgment because he raised a fact issue regarding whether Baker's father completed an oral gift of the condo to Curtis. We express no opinion regarding whether an oral gift of the condo was established because it is not necessary to our disposition of the appeal and we are remanding the case for further proceedings. *See* Tex. R. App. P. 47.1.

and just); *Bank of New York Mellon v. Soniavou Books, LLC*, 403 S.W.3d 900, 907 (Tex. App.—Houston [14th Dist.] 2013, no pet.) ("Because our disposition on appeal substantially affects the trial court's judgment, reversal of the attorney's fees award . . . is warranted so that on remand the trial court can address what costs and attorney's fees, if any, should be awarded against the Mortgage Servicer under the Declaratory Judgments Act."). We therefore sustain Curtis's second issue challenging the fee award.

## CONCLUSION

Having rejected Baker's jurisdictional challenge and having sustained Curtis's two issues on appeal, we reverse the trial court's Final Order and Declaratory Judgment signed July 31, 2017, and remand the case to the trial court for further proceedings.


/s/  J. Brett Busby
    Justice


Panel consists of Chief Justice Frost and Justices Boyce and Busby.

14