# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## ON MOTION FOR REHEARING

## NO. 03-17-00308-CV

**Douglas Brannick and Joyce Brannick, Appellants**

**v.**

**Aurora Loan Services, LLC; Aurora Bank, FSB; Nationstar Mortgage, LLC; and Citibank, N.A., as Trustee for Lehman XS Trustmortgage Pass-Through Certificates, Series 2006-7, Appellees**

### FROM THE DISTRICT COURT OF COMAL COUNTY, 274TH JUDICIAL DISTRICT NO. C2014-1170A, HONORABLE GARY L. STEEL, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

We withdraw the opinion and judgment issued on July 13, 2018, and substitute the following memorandum opinion and judgment in their place, and deny appellants' motion for rehearing.

Appellants Douglas Brannick and Joyce Brannick filed suit seeking to nullify a mortgage lien on their home. The Brannicks named as defendants appellees Nationstar Mortgage, LLC (Nationstar); Aurora Loan Services, LLC; Aurora Bank, FSB; and Citibank, N.A., in its capacity as Trustee for Lehman XS Trustmortgage Pass-Through Certificates, Series 2006-7. Nationstar counterclaimed for a judgment of foreclosure and a writ of possession. *See* Tex. R. Civ. P. 309, 310. The trial court denied the Brannicks' motion for summary judgment on Nationstar's

counterclaim and granted Nationstar's cross-motion. The Brannicks appeal,[1] arguing that they conclusively established that the statute of limitations had run on the counterclaim and that Nationstar failed to demonstrate its entitlement to summary judgment. For the reasons that follow, we will affirm the trial court's judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

In March of 2006, the Brannicks refinanced their home with a $395,000 home-equity loan. The transaction consisted, in relevant part, of a Texas Home Equity Adjustable Rate Note (Note) and a Texas Home Equity Security Instrument (Security Instrument). Douglas Brannick signed the Note and agreed to repay the principal in monthly installments with interest. Both appellants signed the Security Instrument conveying title to their home "in trust with power of sale" to Mortgage Electronic Registrations Systems, Inc. (MERS). The Security Instrument recites that the power of sale was intended to be a "fully enforceable lien" to secure the loan.

MERS subsequently assigned the Security Instrument to appellee Aurora Loan Services. On June 8, 2010, Aurora sent Douglas a "Special Forbearance Agreement" stating that Douglas was in default, that the loan had been accelerated and the full balance of principal and interest was due immediately, and setting out the steps necessary to reinstate the loan. Aurora subsequently assigned its rights to Nationstar in June 2012. Shortly afterwards, Nationstar informed Douglas by letter of the total amount of the debt but requested immediate payment of a lesser sum.

---

[1] The Brannicks were represented by counsel in the trial court but are pro se on appeal. "We hold pro se litigants to the same procedural standards as we do litigants represented by counsel to avoid giving pro se litigants an unfair advantage." *Veigel v. Texas Boll Weevil Eradication Found., Inc.*, 549 S.W.3d 193, 195 n.1 (Tex. App.—Austin 2018, no pet.) (citing *Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184-85 (Tex. 1978)).

In a letter sent in April of 2013, Nationstar declared Douglas in default, gave him an opportunity to cure, and gave notice of its intent to accelerate if he did not. After Douglas failed to cure the default, Nationstar sent him notice of acceleration and demanded payment of the full amount due.

The Security Instrument provides that the holder of the Note may not foreclose on the lien without a court order but, once that order is obtained, the holder may foreclose on the lien and have the home sold by the trustee under the Security Instrument without need of a judgment of foreclosure. Nationstar applied for and obtained an expedited order under Texas Rule of Civil Procedure 736 granting the required permission. *See* Tex. R. Civ. P. 735.1(a) ("Rule 736 provides the procedure for obtaining a court order, when required, to allow foreclosure of a lien containing a power of sale in the security instrument . . . creating the lien, including a lien securing . . . a home equity loan . . . ."). However, the order was automatically stayed when the Brannicks filed the underlying lawsuit. *See id.* R. 736.11(a). The Brannicks asserted a cause of action for declaratory relief that the lien was invalid and that the statute of limitations had run. Nationstar counterclaimed for a judgment of foreclosure, a writ of possession, and an award of attorney's fees.

The Brannicks filed a partial motion for traditional summary judgment arguing that the statute of limitations had run on Nationstar's counterclaim, and Nationstar filed a cross-motion.[2] The trial court denied the Brannicks' motion, granted Nationstar's, and rendered a judgment of foreclosure and writ of possession. *See generally id.* R. 309 (judgment in foreclosure case), 310 (writ of possession). The Brannicks appeal from that judgment.

---

[2] In the same motion where Nationstar moved for summary judgment on its counterclaim, all appellees also moved for traditional and no-evidence summary judgment on the Brannicks' affirmative claims for relief. The trial court granted appellees' motion, but the Brannicks do not challenge that part of the judgment on appeal.

3

## STANDARD OF REVIEW

We review the trial court's ruling on a motion for summary judgment de novo. *Exxon Mobil Corp. v. Rincones*, 520 S.W.3d 572, 579 (Tex. 2017). To prevail on a traditional motion for summary judgment, the moving party has the burden to demonstrate that no genuine issue of material fact exists and, therefore, that it is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c); *Lightning Oil Co. v. Anadarko E&P Onshore, LLC*, 520 S.W.3d 39, 45 (Tex. 2017). More specifically, the moving party must present evidence conclusively establishing its claim or negating an element of the respondent's claim or defense as a matter of law. *KCM Fin. LLC v. Bradshaw*, 457 S.W.3d 70, 79 (Tex. 2015). When considering whether this burden has been met, we review the evidence in the light most favorable to the non-movant, indulge every reasonable inference in the non-movant's favor, and resolve all doubts against the motion. *Lightning Oil Co.*, 520 S.W.3d at 45.

## ANALYSIS

### *Statute of Limitations*

In their first issue, the Brannicks assert that the trial court erred in denying their motion for summary judgment on their statute of limitations defense and granting Nationstar's. Because both parties moved for summary judgment and the trial court granted one motion and denied the other, "we review all the summary judgment evidence, determine all of the issues presented, and render the judgment the trial court should have." *Id.* (quoting *Merriman v. XTO Energy, Inc.*, 407 S.W.3d 244, 248 (Tex. 2013)).

4

"A sale of real property under a power of sale in a mortgage or deed of trust that creates a real property lien must be made not later than four years after the day the cause of action accrues." Tex. Civ. Prac. & Rem. Code § 16.035(b). A cause of action ordinarily does not accrue "until the maturity date of the last note, obligation, or installment." *Id.* § 16.035(e). However, when the deed of trust contains an optional acceleration clause, as the Security Instrument does, "the action accrues only when the holder actually exercises its option to accelerate." *Holy Cross Church of God in Christ v. Wolf*, 44 S.W.3d 562, 566 (Tex. 2001). An effective acceleration requires that the holder give the borrower notice of intent to accelerate and a separate notice of acceleration. *Id.* Even when the holder exercises its option to accelerate, the holder can abandon acceleration by continuing to accept payment without exercising any of the remedies available to it upon default, by agreement, or by other actions. *Id.* at 566-67. The effect of the abandonment is to restore the note's original maturity date which, in turn, resets the statute of limitations. *Id.* at 567; *Khan v. GBAK Props., Inc.*, 371 S.W.3d 347, 353 (Tex. App.—Houston [1st Dist.] 2012, no pet.).

The Brannicks argued that the recitations in the forbearance agreement conclusively established that the Note had been accelerated in 2010, making Nationstar's counterclaim untimely. Nationstar argued that even if the Brannicks had established an effective acceleration in 2010, Nationstar conclusively established that it abandoned acceleration within four years by sending two letters demanding payment of less than the accelerated balance of the loan. The Brannicks reply that Nationstar could not have abandoned acceleration because (1) the Note and Security Instrument did not authorize abandonment, and (2) Nationstar never gave express notice of abandonment. Based on the record before us, we agree with Nationstar.

5

Texas courts have analyzed abandonment of acceleration by reference to traditional principles of waiver. *See Graham v. LNV Corp.*, No. 03-16-00235-CV, 2016 WL 6407306, at *3 (Tex. App.—Austin Oct. 26, 2016, pet. denied) (mem. op.) (collecting cases). The elements of waiver are: (1) an existing right, benefit, or advantage held by a party; (2) the party's actual knowledge of its existence; and (3) the party's actual intent to relinquish the right or conduct inconsistent with that right. *Ulico Cas. Co. v. Allied Pilots Ass'n*, 262 S.W.3d 773, 778 (Tex. 2008). "Waiver . . . can occur either expressly, through a clear repudiation of the right, or impliedly, through conduct inconsistent with a claim to the right." *G.T. Leach Builders, LLC v. Sapphire V.P., LP*, 458 S.W.3d 502, 511 (Tex. 2015). Waiver "is 'essentially unilateral' in character and 'results as a legal consequence from some act or conduct of the party against whom it operates; no act of the party in whose favor it is made is necessary to complete it.'" *Shields Ltd. P'ship v. Bradberry*, 526 S.W.3d 471, 485 (Tex. 2017) (quoting *Massachusetts Bonding & Ins. Co. v. Orkin Exterminating Co.*, 416 S.W.2d 396, 401 (Tex. 1967)).

The Brannicks contend that Nationstar has no contractual right to waive acceleration, but whether a party has waived a contractual right does not depend on whether the contract allows for it. *See id.* at 482 (observing that contractual doctrine of waiver rests on principle "that any competent adult can abandon a legal right and if he does so then he has lost it forever"); *see also id.* at 482-83 (holding that even a non-waiver clause may be waived). And Nationstar is not required to show an express renunciation but "may show abandonment of acceleration by conduct." *Bracken v. Wells Fargo Bank, N.A.*, No. 05-16-01334-CV, 2018 WL 1026268, at *3 (Tex. App.—Dallas Feb. 23, 2018, no pet.) (mem. op.). Nationstar argues that it unequivocally abandoned acceleration

6

by twice demanding that Douglas pay less than the full amount of the loan. Because the contents of the letters are not disputed but only their legal effect, whether waiver occurred is a question of law. *See Crosstex Energy Servs., L.P. v. Pro Plus, Inc.*, 430 S.W.3d 384, 394 (Tex. 2014) (observing that waiver is question of law when relevant facts are undisputed).

By letter dated July 15, 2012, Nationstar informed Douglas that it was the new servicer of the Note, stated that the total amount of his debt had grown to $379,490.53, and requested payment of the lesser sum of $97,563.86. The letter also informed Douglas that, based on information from previous servicers, Nationstar believed Douglas "may be experiencing a financial hardship" and notified him of the existence of "modifications programs and other workout solutions" that could assist him. Subsequently, in a letter dated April 19, 2013, Nationstar notified Douglas that he was in default and gave him an opportunity to cure by paying $146,372.24 (also less than the full amount due) within thirty-five days. The letter further informed Douglas of Nationstar's conditional intent to accelerate the Note and make "the entire sum of both principal and interest due and payable" if he failed to cure the default. The letter also reminded Douglas that his next payment was due May 1. Taken together, the letters demonstrate that Nationstar was willing to accept payment of less than the full accelerated balance due on the loan and additional payments from Douglas. Moreover, the second letter reflects that Nationstar considered Douglas' monthly payment obligations to still be in effect rather than the entire sum due and owing. On these facts, we conclude that Nationstar conclusively demonstrated that it abandoned the 2010 acceleration and reinstated the loan. *See Bracken*, 2018 WL 1026268, at *5; *NSL Prop. Holdings, LLC v. Nationstar Mortg., LLC*, No. 02-16-00397-CV, 2017 WL 3526354, at *3 (Tex. App.—Fort Worth Aug. 17, 2017, pet. denied)

(mem. op.); *see also Boren v. U.S. Nat'l Bank Ass'n*, 807 F.3d 99, 106 (5th Cir. 2015) (predicting that Texas Supreme Court would apply waiver principles to hold that "[a] lender waives its earlier acceleration when it put[s] the debtor on notice of its abandonment . . . by requesting payment on less than the full amount of the loan" (internal quotations marks omitted)). We overrule the Brannicks' first issue.[3]

### *Nationstar's entitlement to summary judgment*

In their second issue, the Brannicks argue that the trial court erred in granting summary judgment because Nationstar did not establish its entitlement to judicial foreclosure. Specifically, the Brannicks assert that Nationstar failed to overcome an alleged presumption of invalidity that attaches to a home-equity loan under the Texas Constitution, failed to demonstrate that the loan complies with all the requirements of Article XVI, Section 50(a) of the Texas Constitution, and failed to produce a copy of the Note signed by both appellants. Nationstar asserts that the Brannicks waived both arguments by not presenting them to the trial court.

"Issues not expressly presented to the trial court by written motion, answer or other response shall not be considered on appeal as grounds for reversal" of a summary judgment. Tex. R. Civ. P. 166a(c); *ExxonMobil Corp. v. Lazy R Ranch, LP*, 511 S.W.3d 538, 545 (Tex. 2017). The Brannicks argued the statute of limitations and "chain of title errors" in their response to

---

[3] The Brannicks also contend that the April 19, 2013 letter was ineffective to waive acceleration because it was not sent by certified mail as required by Section 7(c) of the Note. We reject this argument because Section 7(c) specifically addresses the requirements for sending a notice of default rather than notices generally. The Brannicks do not challenge whether the letter was effective as a notice of default but whether the content of the letter (which they do not dispute receiving) conveyed Nationstar's abandonment of the 2010 acceleration.

Nationstar's motion but did not assert any of the arguments they now make on appeal. Consequently, we conclude that the Brannicks have waived each of these arguments.[4] Accordingly, we overrule their second issue.

### *Challenges to the judgment*

The Brannicks argue in their third issue that the trial court's judgment does not conform to the pleadings. *See* Tex. R. Civ. P. 301 ("The judgment of the court shall conform to the pleadings."). Specifically, the Brannicks argue that the trial court improperly granted Nationstar both a judgment of foreclosure and permitted it to proceed with exercising its power of sale. In their fourth issue, the Brannicks assert it was therefore impermissible to order the property sold because that remedy is limited to judicial foreclosures. *See id.* R. 310. Nationstar argues that the trial court's order does not grant it the right to exercise the power of sale.[5]

---

[4] The Brannicks argue that this issue cannot be waived because it amounts to a challenge to the legal sufficiency of Nationstar's grounds for summary judgment. *See, e.g.*, *Amedisys, Inc. v. Kingwood Home Health Care, LLC*, 437 S.W.3d 507, 512 (Tex. 2014) (stating rule that nonmovant may challenge "the legal sufficiency of the grounds presented by the movant" for the first time on appeal). However, the Texas Supreme Court has held that the terms and conditions in section 50(a) "only assume constitutional significance when their absence in a loan's terms is used as a shield from foreclosure." *Garofolo v. Ocwen Loan Servicing, L.L.C.*, 497 S.W.3d 474, 478 (Tex. 2016); *see Wood v. HSBC Bank USA, N.A.*, 505 S.W.3d 542, 546 (Tex. 2016) (observing that "section 50(a) does not create substantive rights beyond a defense to foreclosure of a home-equity lien securing a constitutionally noncompliant loan"). The Brannicks did not raise section 50(a) in the trial court as a defense to foreclosure and they may not do so for the first time on appeal. *See Watson v. Tipton*, 274 S.W.3d 791, 800 (Tex. App.—Fort Worth 2008, pet. denied) ("Accordingly, Appellants had to affirmatively plead homestead and cannot raise it for the first time on appeal.").

[5] Nationstar also asserts that the Brannicks waived the right to complain about the trial court's judgment because the parties jointly asked the trial court to enter a substantively identical judgment. We assume without deciding that the Brannicks did not waive this issue.

9

The Brannicks base their arguments on the following part of the trial court's judgment:

> ORDERED, ADJUDGED, AND DECREED that all right, title, and interest of Plaintiffs in the Property encumbered by the Security Instrument is subject to foreclosure and that Nationstar shall have judgment for foreclosure of the Property. Furthermore, this judgment serves as an Order authorizing Nationstar to foreclose the lien created under Tex. Const. art. XVI, § 50(a)(6) in compliance with the Note and Security Instrument and Tex. R. Civ. P. § 735.3 and § 309.

The Brannicks argue that the second sentence authorizes Nationstar to proceed with the private sale contemplated by the Security Instrument, but that interpretation is inconsistent with the other portions of the judgment. *See Shanks v. Treadway*, 110 S.W.3d 444, 447 (Tex. 2003) ("Judgments should be construed as a whole to harmonize and give effect to the entire decree." (citing *Constance v. Constance*, 544 S.W.2d 659, 660 (Tex. 1976))). As required by the Rules of Civil Procedure for judgments of foreclosure, the trial court's judgment expressly orders the lien foreclosed and the property sold by a sheriff or constable and provides that the judgment has the force and effect of a writ of possession in favor of the purchaser. *See* Tex. R. Civ. P. 309, 310. Read as a whole, the trial court's judgment does not authorize Nationstar itself to exercise its power of sale. We overrule the Brannicks' third and fourth issues.

## CONCLUSION

We affirm the trial court's judgment.

_____

Cindy Olson Bourland, Justice

Before Justices Puryear, Field, and Bourland

Affirmed on Motion for Rehearing

Filed:   November 2, 2018

11