**DRWSEA, INC., Appellant,**

v.

**TRINITY MEADOWS PROPERTIES, INC., Appellee.**

No. 11–02–00301–CV.

Court of Appeals of Texas, Eastland.

Oct. 30, 2003.

Rehearing Overruled Nov. 26, 2003.

468

James Newth, Dallas and Don Williams, Lubbock, for Appellant.

Randall Price and Stephen C. Reid III, Cantey & Hanger, Dallas, for Appellee.

Panel consists of: ARNOT, C.J., and WRIGHT, J., and McCALL, J.

Memorandum Opinion

JIM R. WRIGHT, Justice.

This dispute over title to real property is between the purchaser at an Internal Revenue Service tax sale (Trinity Meadows Properties, Inc.) and DRWSEA, Inc., which claims its interest in the real property by virtue of various quitclaim deeds originating with the executor of the taxpayer's estate. The trial court granted Trinity's motion for summary judgment, denied DRWSEA's motion for summary judgment, and quieted title in Trinity. We affirm.

DRWSEA brings two points of error. In the first point of error, DRWSEA argues that the trial court erred when it granted summary judgment to Trinity. In its second point of error, DRWSEA claims that the trial court erred when it did not grant summary judgment to DRWSEA.

When reviewing a traditional motion for summary judgment, the following standards apply: (1) the movant for summary judgment has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law; (2) in deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the non-movant will be taken as true; and (3) every reasonable inference must be indulged in favor of the non-movant and any doubts resolved in its favor. TEX.R.CIV.P. 166a; *Goswami v. Metropolitan Savings and Loan Association*, 751 S.W.2d 487, 491 (Tex.1988); *Nixon v. Mr. Property Management Company, Inc.*, 690 S.W.2d 546, 548–49 (Tex. 1985); *City of Houston v. Clear Creek*

*Basin Authority,* 589 S.W.2d 671, 676 (Tex.1979).

A trial court must grant a motion for summary judgment if the moving party establishes that no genuine issue of material fact exists and that he is entitled to judgment as a matter of law. Rule 166a(c); *Lear Siegler, Inc. v. Perez,* 819 S.W.2d 470, 471 (Tex.1991). Once the movant establishes a right to a summary judgment, the non-movant must come forward with evidence or law that precludes summary judgment. *City of Houston v. Clear Creek Basin Authority,* supra at 678–79. When reviewing a summary judgment, the appellate court takes as true evidence favorable to the non-movant. *American Tobacco Company, Inc. v. Grinnell,* 951 S.W.2d 420, 425 (Tex.1997); *Nixon v. Mr. Property Management Company, Inc.,* supra at 548–49.

The summary judgment evidence shows that the IRS held a tax lien against Mary H. Winters. After her death, Winters's executor, George Fuller, requested that the IRS conduct a tax sale upon real property in the estate to satisfy the lien. There were no other assets in the estate. The IRS scheduled the sale for, and held it on, March 9, 1999.

Prior to the sale, DRWSEA's attorney, Donald R. Williams, contacted Fuller and talked with him about the property. In addition to his employment as DRWSEA's attorney, Williams also represented an entity, Woodven, L.P., through which DRWSEA claims its interest in this property. Williams was also the Director of the Clinical Tax Program at a law school, had written several articles and training manuals, was an owner of the stock of DRWSEA, and was also retired from the IRS after working there for 25 years. Williams attended the March 9 sale and bid $200,000.00 for the property on behalf of his client, Woodven. Trinity made the

highest bid for the property, $301,500.00. Taxes due to the IRS totaled $339,713.23; property tax liens on the property totaled $25,614.96. The IRS estimate of the value of the property was $311,311.00.

Two days after the tax sale, Fuller, for a consideration of $5,700 paid to him by Woodven, executed a quitclaim deed to Woodven in which Fuller attempted to convey the real property at issue. Fuller also attempted to convey the right to redeem the property from the tax sale. Attempts were made to correct various errors in these deeds. A discussion of those errors and corrections is not necessary to a resolution of this appeal. DRWSEA claims its interest by virtue of a quitclaim deed executed by Woodven on May 4, 2001, in consideration for an assignment to Woodven by DRWSEA of a portion of the proceeds of this lawsuit. 26 U.S.C.A. § 6337(b)(1) (West 2002) provides that, after property has been sold, the owner, or another with an interest, may redeem it within 180 days after the sale. Redemption is accomplished by payment to or for the benefit of the purchaser at the sale of the amount of the purchase price plus interest at the rate of 20 percent per annum. 26 U.S.C.A. § 6337(b)(2) (West 2002). DRWSEA did not redeem this property.

DRWSEA brought this suit seeking to have the tax sale declared void and to have title quieted in it. DRWSEA also asked the trial court to remove Trinity's deed as a cloud on DRWSEA's title and sought damages.

■ The essence of the argument by DRWSEA in its first point of error is that the various notices given by the IRS did not meet one or more of the provisions of 26 U.S.C.A. § 6335(a) & (b) (West 2002). Section 6335(a) & (b) govern the manner and content of the notices which are to be

given by the IRS in connection with the seizure and sale of property. DRWSEA points to many alleged problems with the notices in this case. However, we do not reach those matters because we find that DRWSEA is not in a position to claim the protections afforded by Section 6335(a) & (b).

■■■■ The protections provided in Section 6335(a) & (b) are for the benefit of the taxpayer, not the government, a third party, or the public interest. *Koby v. The United States,* 47 Fed. Cl. 99 (2000). The purpose of the Section 6335(a) & (b) requirements is to afford protection to a taxpayer who is about to lose her property by providing her the opportunity to be present at the sale and to bid on the property. *Reece v. Scoggins,* 506 F.2d 967 (5th Cir.1975). If the IRS fails to provide proper notice pursuant to Section 6335(a) & (b), then the tax sale is voidable at the option of the taxpayer, not the government or a third-party adverse claimant. *Koby v. The United States, supra; Bartell v. Riddell,* 202 F.Supp. 70, 75 (S.D.Cal., Cent. Div.1962). The cases relied upon by DRWSEA are distinguishable in that, though they contain general statements of the law in this area, the results arise because the cases involve claims asserted by the taxpayer. *Aqua Bar & Lounge, Inc. v. United States Department of Treasury Internal Revenue Service,* 539 F.2d 935 (3rd Cir.1976); *Reece v. Scoggins, supra.*

Assuming without deciding that the IRS failed to comply strictly with the notice requirements of Section 6335(a) & (b), the tax sale would be voidable only at the option of the taxpayer. DRWSEA is not the taxpayer. Because it is not the taxpayer, as a matter of law, any defective notice would not result in a tax sale that is voidable by DRWSEA.

In its second point of error, DRWSEA continues to assert arguments directed at the notices which were issued by the IRS. We have dealt with those arguments in our discussion of DRWSEA's first point of error and need not repeat them here.

■■■■ Additionally, DRWSEA generally points out that in many particulars, including the payment of the purchase price, the sale was not conducted in the proper manner and as it was advertised. Again, 26 U.S.C.A. § 6335 (West 2002) is written to protect the taxpayer.[1]

The other procedures contained in Section 6335 are no less for the benefit of the taxpayer than the notice provisions. The taxpayer should be able to expect the IRS to sell her property as soon as possible to prevent waste, deterioration, and other diminutions in value, as well as to stop the accrual of interest on the tax bill. *See, e.g., United States v. Pittman,* 449 F.2d 623 (7th Cir.1971). We hold that not only the notice provisions of Section 6335, but also its remaining provisions, are for the benefit of the taxpayer and that it is the taxpayer's option alone to attempt to void the tax sale. Because DRWSEA is not the taxpayer, as a matter of law, it may not attack the sale on the grounds that the IRS did not comply with Section 6335 as it applies to terms, conditions, and manner of the sale.

---

1. See generally the explanation in Internal Revenue Manual 5.17.3.3.7.3.4 wherein it is acknowledged that the Internal Revenue Code provisions relating to the sale of seized property, found in Section 6335, are meant to protect the taxpayer; a sale is not void because of noncompliance with the provisions of Section 6335, but it is voidable by the taxpayer; the government cannot on its own resell property because it did not comply with the provisions regarding sale, citing *Bartell v. Riddell, supra; United States v. Conry,* 74–1 U.S.T.C. 9187 (N.D.Cal.1973); and government cannot on its own, under Section 6335 or any other section of the Internal Revenue Code, rescind a procedurally defective sale.

Trinity has raised many other legal issues that, among other things, pertain to estoppel, ratification, and waiver. We need not reach a discussion of those matters. For the reasons that we have stated, the trial court did not err when it granted Trinity's motion for summary judgment nor did it err when it denied DRWSEA's motion for summary judgment. DRWSEA's first and second points of error are overruled.

The judgment of the trial court is affirmed.