William **JOHNSTON** and Nancy Johnston, Appellants,

v.

Mary **BENNETT**, Carlton Phillips, Connie Phillips, David Shain, and Heather R. Shain, Appellees.

No. 01–03–00307–CV.

Court of Appeals of Texas, Houston (1st Dist.).

June 3, 2004.

Rehearing Overruled Aug. 6, 2004.

---

William Johnston, League City, pro se.

R. Dwayne Danner, Irving, William H. Morgan, Larry E. Meyer, McCormick, Hancock & Newton, Houston, for Appellees.

Panel consists of Justices TAFT, HANKS, and HIGLEY.

## OPINION

TAFT, Justice.

Appellants, William and Nancy Johnston (the Johnstons), sued appellees, Mary Bennett, Carlton and Connie Phillips (the Phillipses), and David and Heather R. Shain (the Shains), to quiet title to real property

located in Galveston County.[1] The Internal Revenue Service (IRS) had seized the property from the Johnstons because they had failed to pay taxes, and the IRS had later sold the property at a foreclosure sale. Appellees were subsequent owners of the property. The Johnstons asserted that they were entitled to a summary judgment on their claim due to the IRS's failure to comply with various provisions in the statute regarding seizure and sale of the property. Appellees moved for summary judgment based on the three- and five-year adverse-possession statutes. The trial court granted appellees' summary judgment motion and denied the Johnstons' motion. We determine whether the trial court erred in its summary judgment rulings. We affirm.

### Factual and Procedural History

On January 14, 1995, IRS Revenue Officer Laura Williamson seized the property from the Johnstons for their failure to pay taxes. On March 21, 1995, the IRS gave notice that a sealed bid sale would take place on April 11, 1995. The IRS postponed the sale on the date that it had been scheduled and served a second notice of sale on November 22, 1995. John and Mary Bennett purchased the property at the sale on December 12, 1995.[2]

On June 11, 1996, after the 180–day redemption period mandated by Section 6337 of the Internal Revenue Code [3] had expired, the Bennetts received a quitclaim deed to the property and recorded it in the Galveston County real property records the next day. The Bennetts subsequently conveyed the property to the Phillipses on June 17, 1997. On April 12, 2001, the Phillipses conveyed the property to the Shains.

The Johnstons filed their quiet-title claim against appellees on March 30, 2001. The trial court ordered that the United States be added as a party to represent the IRS. The United States removed the cause to federal court and moved for summary judgment against the Johnstons. The federal district court granted summary judgment in favor of the United States after having found that the United States no longer had an interest in the property and that, therefore, waiver of sovereign immunity did not extend to the cause. That court then remanded the remaining claims to the state court, which granted summary judgment in favor of appellees and denied the Johnstons' summary judgment motion without specifying the grounds on which it ruled. It is from those state court orders that the Johnstons now appeal.

### Standard of Review and Burden of Proof

Both parties moved for traditional summary judgment under Texas Rule of Civil Procedure 166a(c). *See* TEX. R. CIV. P. 166a(c). Summary judgment is proper when a movant establishes that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law. *Randall's Food Mkts., Inc. v. Johnson,* 891 S.W.2d 640, 644 (Tex.1995). A defendant is entitled to summary judgment if the evidence disproves as a matter of law at least one element of each of the plaintiff's causes of action or if the defendant conclusively establishes all elements of an affirmative defense. *Id.*

---

1. The real property is located at 2303 Brae Lane, League City, Galveston County, Texas. It is hereafter designated "the property."

2. John Bennett was removed as a party to this cause of action due to his death in February 2000.

3. 26 U.S.C.S. § 6337(b) (2003).

In reviewing the granting of a motion for summary judgment, we consider as true all the evidence that favors the non-movant. *Watts v. Hermann Hosp.*, 962 S.W.2d 102, 104 (Tex.App.—Houston [1st Dist.] 1997, no pet.). We indulge every reasonable inference in favor of the non-movant and resolve all reasonable doubts in its favor. *Cont'l Casing Corp. v. Samedan Oil Corp.*, 751 S.W.2d 499, 501 (Tex.1988); *Watts*, 962 S.W.2d at 104. When both sides move for summary judgment and the trial court grants one motion and denies the other, we can consider both motions, their evidence, and their issues and may render the judgment that the trial court should have rendered. *See CU Lloyd's of Tex. v. Feldman*, 977 S.W.2d 568, 569 (Tex.1998). When an order granting summary judgment does not specify the grounds upon which the trial court ruled, we must affirm to the extent that any of the summary judgment grounds is meritorious. *See Star–Telegram, Inc. v. Doe*, 915 S.W.2d 471, 473 (Tex.1995).

## Validity of Tax Sale

In their second point of error, the Johnstons assert that the trial court erred by denying their summary judgment motion claiming that the quitclaim deed issued by the IRS was void because the IRS did not strictly comply with the applicable statutes governing seizure and sale of the property.

The Johnstons contend that, according to the Internal Revenue Code, the IRS failed to sell the property in a timely fashion and in the correct county after it was seized or to return the property to them after the postponement of the first sealed bid sale. *See* 26 U.S.C.S. § 6335(d), (e) (2003) (establishing procedures for manner of sale of seized property).[4] As a result of the IRS's failure to comply with the statute, the Johnstons argue that the sale of the property was void. Because the Johnstons moved for a summary judgment on this issue, they must prove that they are entitled to prevail as a matter of law. *See Johnson*, 891 S.W.2d at 644.

The record indicates that the IRS gave notice beginning on March 21, 1995 that a sealed bid sale was scheduled for April 11, 1995 in Houston, Texas. The sale was then postponed on April 11. Appellants received a second notice of sale on November 22, 1995. The property was sold to the Bennetts at the sealed bid sale on December 12, 1995 in Houston, and the Bennetts received a certificate of sale. After the 180–day redemption period had expired, a quitclaim deed was issued to Mary Bennett on June 11, 1996, which deed she recorded the next day.

The procedures for seizure of land mandated by section 6335 must be strictly construed. *See Reece v. Scoggins*, 506 F.2d 967, 971–72 (5th Cir.1975). It is clear that the IRS sold the property in Harris County, not Galveston County, where the property was located. The sale

---

4. The relevant statutory provision states:

(d) Time and place of sale. The time of sale shall not be less than 10 days nor more than 40 days from the time of giving public notice under subsection (b). The place of sale shall be within the county in which the property is seized, except by special order of the Secretary.

. . . .

(e)(1)(D) Release to owner in other cases. If, at the sale, the property is not declared sold ... the property shall be released to the owner thereof ....

. . . .

(e)(2)(F) Additional rules applicable to sale.... [T]he Secretary may adjourn the sale from time to time (but such adjournments shall not be for a period to exceed in all 1 month).

26 U.S.C.S. § 6335(d), (e) (2003).

also occurred nearly nine months after the IRS had given initial notice of sale, which was well beyond the limit of 40 days, plus a possible one-month adjournment, allowed under section 6335. In addition, the property was not released to the Johnstons following the postponement of the first sale. Although these actions may not have complied with the Internal Revenue Code's procedures for selling the property, the law is well settled that noncompliance with section 6335 causes the sale to be voidable at the option of the taxpayer and not void. *See, e.g., Reece,* 506 F.2d at 970 (holding that failure of IRS to provide statutory notice of sale caused sale to be "voidable ab initio"); *Johnson v. Gartlan,* 470 F.2d 1104, 1106 (4th Cir.1973) (holding that, although IRS failed to comply with procedures of section 6335, tax sale was valid due to ratification by taxpayer); *Koby v. United States,* 47 Fed. Cl. 99, 105 (2000) (holding that IRS's failure to comply with seizure and sale provisions of section 6335 renders tax sales voidable at taxpayer's option, rather than void as matter of law); *DRWSEA, Inc. v. Trinity Meadows Prop., Inc.,* 132 S.W.3d 467, 469 (Tex.App.-Eastland 2003, pet. denied) (mem.op.) (asserting that "a sale is not void because of noncompliance with the provisions of section 6335, but it is voidable by the taxpayer").

Appellants rely primarily on two cases to support their position that the failure to follow section 6335 results in a void sale. However, these cases did not hold that any sales were void. *See Dziura v. United States,* 168 F.3d 581, 583 (1st Cir.1999), *Anderson v. United States,* 44 F.3d 795, 797 (9th Cir.1995). In *Dziura,* the court held that, even though the IRS had held the property longer than was permitted by section 6335 after the notice of the first sale and had sold the property at a subsequent sale, the Dziuras were not entitled to the property because the applicable statute of limitations had run. *See Dziura,* 168 F.3d at 583. In *Anderson,* the court asserted that the IRS had violated section 6335 by failing to release property to the taxpayer after it was not sold at the original tax sale. *See Anderson,* 44 F.3d at 797. However, there had not been a successful sale of the property in that case; the Andersons filed suit against the IRS prior to the second attempted sale. *See id.* Therefore, it was unnecessary for that court to determine whether any sale was void or voidable. Consequently, these cases do not support the Johnstons' position.

The Johnstons also urge this Court to hold that, for the purposes of characterizing an action in violation of section 6335, the terms voidable and void are both intended to mean only void. Appellants cite no law to support their argument. On the contrary, it is clear that courts have considered the difference between void sales and voidable sales when ruling on section 6335 violations. *See Koby,* 47 Fed. Cl. at 104–05 (holding that IRS's failure to comply with seizure and sale provisions of section 6335 renders tax sales voidable at taxpayer's option, rather than void as matter of law); *DRWSEA,* 132 S.W.3d at 469 (asserting that "a sale is not void because of noncompliance with the provisions of Section 6335, but it is voidable by the taxpayer"). Accordingly, we hold that the failure of the IRS to comply strictly with the provisions for seizure and sale of the property under section 6335 resulted in a sale that was voidable at the option of the Johnstons, and not void as a matter of law.

The Johnstons thus failed to prove as a matter of law that the quitclaim deed issued by the IRS was void. The trial court did not err in denying the Johnstons' motion for summary judgment.

We overrule the Johnstons' second point of error.

### Adverse Possession

In the Johnstons' first point of error, they assert that the trial court erred by granting summary judgment in favor of appellees because appellees did not prove that they adversely possessed the property as a matter of law.

Appellees moved for summary judgment based on the three- and five-year limitations statutes. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 16.024, 16.025 (Vernon 2002). In order to prevail on summary judgment, appellees were required to prove their adverse-possession claim as a matter of law. *Johnson,* 891 S.W.2d at 644.

Under section 16.024, "[a] person must bring suit to recover real property held by another in peaceable and adverse possession under title or color of title not later than three years after the day the cause of action accrues." *Id.* § 16.024. Adverse possession requires "actual and visible appropriation of real property, commenced and continued under a claim of right that is inconsistent with and is hostile to the claim of another person." *Id.* § 16.021(1) (Vernon 2002). " 'Peaceable possession' means possession of real property that is continuous and is not interrupted by an adverse suit to recover the property." *Id.* § 16.021(3). In order to prove adverse possession under the three-year statute, appellees were also required to prove that possession was under title or color of title.[5]

■ Appellants have provided uncontroverted proof that the Bennetts received a quitclaim deed to the property on June 11, 1996 and that the Bennetts then transferred the property to the Phillipses by warranty deed on June 13, 1997. The evidence shows that the Phillipses lived on the property until they sold it, by warranty deed, to the Shains on April 12, 2001. The Johnstons argue that appellees failed to prove adverse possession because the title from the IRS to the Bennetts was void and because there was not sufficient proof that the Bennetts adversely possessed the property.

■ It is true that title cannot be conveyed for purposes of adverse possession by a void deed. *See Field Measurement Serv. v. Ives,* 609 S.W.2d 615, 620 (Tex.Civ. App.–Corpus Christi 1980, writ ref'd n.r.e.) (holding that void deed is neither title nor color of title). However, we have already held that the deed from the IRS to the Bennetts was not void, but voidable. As a result, the IRS did have the power to convey legal title to the Bennetts, subject to the Johnstons' right to have the deed set aside within the applicable statute of limitations by proof that the sale of the property was improperly made. *See Lighthouse Church of Cloverleaf v. Tex. Bank,* 889 S.W.2d 595, 602 (Tex.App.– Houston [14th Dist.] 1994, writ denied) (asserting that voidable deed operates as valid and perfect until set aside); *Diversified, Inc. v. Walker,* 702 S.W.2d 717, 721 (Tex.App.–Houston [1st Dist.] 1985, writ ref'd n.r.e.) (asserting that voidable deed passes title subject only to party's right to set aside foreclosure sale). Each subsequent transferor had the same power to convey legal title in the property and did convey title by warranty deed. These transfers established title in the Shains because there was a regular chain of transfers of voidable deeds.

The Johnstons did not challenge the summary judgment proof that the Phillips-

---

**5.** "Title" is "a regular chain of transfers of real property from or under the sovereignty of the soil." TEX. CIV. PRAC. & REM. CODE ANN. § 16.021(4) (Vernon 2002).

es openly and peacefully possessed and used the property. Thus, appellees provided uncontroverted evidence that the Phillipses enjoyed peaceful and adverse possession of the property from June 13, 1997 to April 12, 2001, and we have determined that the property was held under title. Under the three-year statute of limitations, the Johnstons were required to file their quiet-title action by June 13, 2000—three years after the Phillipses took possession of the property. The Johnstons did not file their suit until March 30, 2001. We need not address the merits of the Johnstons' contention that Mary Bennett did not prove adverse possession because the Phillipses satisfied the adverse-possession claim under the three-year statute of limitations without having to tack the period of the Bennetts' ownership onto their own. It is also unnecessary to determine whether appellees proved adverse possession under the five-year statute of limitations because the Phillipses satisfied the three-year statute of limitations.

Accordingly, we hold that the trial court did not err by granting appellees' motion for summary judgment based on the three-year statute of limitations.

We overrule the Johnstons' first point of error.

### Conclusion

We affirm the judgment of the trial court.