**Affirmed in Part, Reversed in Part, Remanded, and Memorandum Opinion filed September 2, 2021.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-19-00748-CV

---

## JAMES D. YARBROUGH AND TARRIS WOODS, Appellants

## V.

## JAMES C. BROOKS, Appellee

---

**On Appeal from the Probate Court
Galveston County, Texas
Trial Court Cause No. PR-0078656-A**

---

## M E M O R A N D U M   O P I N I O N

This appeal involves the validity of real property conveyances in Galveston, Texas. Appellee James C. Brooks sued to set aside two deeds transferring property once owned by his mother. Brooks was identified on the first deed as the grantor, but he claims both deeds are void. The trial court agreed with him and granted summary judgment voiding the two deeds. The court also ruled that two subsequent purchasers, appellants James D. Yarbrough and Tarris Woods, never obtained any

legal interest in the property. The trial court implicitly denied a cross-motion for summary judgment filed by Yarbrough on his affirmative defenses and claims.

We conclude summary judgment in Brooks's favor was improper. Based on the record before us, he did not conclusively establish that the deeds were void for the reasons advanced in his motion for summary judgment. Additionally, genuine issues of material fact preclude summary judgment for Yarbrough, so the court did not err in denying Yarbrough's cross-motion. Accordingly, we affirm in part, reverse in part, and remand the case to the trial court for further proceedings.

## Background

### A. Summary of facts and allegations

In an application to determine heirship, Brooks alleged his mother, Hilda Brooks, died intestate on or about June 18, 2007. At the time of her death, Hilda owned property located at 2919 Avenue K in Galveston (the "Property"). Brooks asserted that Hilda had seven children besides himself: Clinton W. Brooks, Jr. (deceased with living children); Frederick Brooks (deceased with living children); Sandra Jacqou; Veronica Brooks (deceased with living children); Michael Brooks (deceased with living children); Samuel K. Brooks; and Carl A. Brooks (deceased).

In June 2011, the sheriff sold the Property based on a judgment for unpaid taxes. The sale was recorded in the official Galveston County real property records on June 24, 2011. However, the Property was redeemed on September 12, 2011. That day, Brooks purportedly transferred the Property by warranty deed to appellant Woods (the "Woods Deed"). The Woods Deed was recorded on September 23, 2011. The Woods Deed is the first deed at issue in this appeal.

2

Our record contains an affidavit of heirship, signed by Barbara Baldwin on July 29, 2011, and recorded on September 16, 2011 (the "Baldwin Affidavit"). The Baldwin Affidavit provided:[1]

1. My name is <u>Barbara Baldwin</u> and I live at _____.[2] I am personally familiar with the family and marital history of Mrs. Hilda Mae Brooks, and I have personal knowledge of the facts stated in this affidavit.

2. I knew Mrs. Brooks over <u>50 yrs</u> years [sic]. She died on June 18, 2005, in Galveston, Texas. At the time of her death, she lived at 2919 Avenue K, Galveston, Texas.

3. Mrs. Brooks was married to Mr. Clinton Woodrow Brooks, (now decease[d])

4. Mr. and Mrs. Brooks had the following children:

**James Clinton Brooks**

Veronica Brooks (decease[d])

Samuel Brooks (decease[d])

The Baldwin Affidavit differs factually from Brooks's heirship application in at least two respects. First, the Baldwin Affidavit listed Brooks as Hilda's only surviving child, whereas Brooks has identified other living heirs. The Baldwin Affidavit also reflected that Hilda died on June 18, 2005, rather than June 18, 2007, as Brooks alleged in his heirship application. Additionally, the Baldwin Affidavit omitted certain information heirship affidavits generally include. *See* Tex. Est. Code § 203.002 (Form of Affidavit Concerning Identity of Heirs).

Approximately two years after the Woods Deed and the Baldwin Affidavit were recorded, Woods transferred the Property by warranty deed with vendor's lien to appellant Yarbrough on September 12, 2013 (the "Yarbrough Deed"). The

---

[1] The underlined portions reflect handwritten information.

[2] Baldwin's address was not shown.

3

Yarbrough Deed was recorded the next day. According to our record, Yarbrough currently possesses the Property. The Yarbrough Deed is the second deed at issue in this appeal.

Nearly five years later, on April 11, 2018, Brooks instituted the present proceeding by filing an application to determine heirship and for a declaratory judgment in which he sought to have the Baldwin Affidavit and both the Woods and Yarbrough Deeds declared void for multiple reasons, discussed below. In amended pleadings, Brooks named Yarbrough and Woods as defendants, but the record does not show service of process on either defendant.

Yarbrough filed a petition in intervention on June 18. Yarbrough contended that the deeds were not void but at most were voidable and that Brooks's claims were barred by the statute of limitations. Yarbrough also asserted he was a bona fide purchaser who took the Property in good faith for valuable consideration and, separately, that he owned the Property through adverse possession. Yarbrough sought a declaratory judgment to quiet title and for equitable subrogation.

## B.    Summary judgment proceedings

Brooks and Yarbrough filed cross-motions for summary judgment. In Brooks's motion, he sought summary judgment on his claim to declare the Woods and Yarbrough Deeds void. His key assertions for our purposes pertained to the Woods Deed, which he claimed was void for several reasons pertaining to alleged forgery or the omission of certain required information. We discuss his arguments in detail below. Because the Woods Deed was void, Brooks continued, the Yarbrough Deed was also void. Separately, Brooks argued the Baldwin Affidavit was void because it did not comply with Estates Code section 203.002, regarding the form of an affidavit concerning the identity of heirs. Brooks attached his

affidavit, which generally supported his version of events set forth in the motion. He also attached copies of the recorded Woods Deed and Yarbrough Deed.

Yarbrough moved for partial summary judgment on his limitations defense and his trespass to try title claim. He argued that neither the Woods Deed nor the Yarbrough Deed was void because each deed sufficiently described the Property, conveyed it to and from existing persons, was signed, and was not forged. At most, according to Yarbrough, the deeds were voidable as obtained through fraud. But because neither Brooks nor anyone else sought to set aside the voidable deeds during the four-year limitations period,[3] the deeds operated to transfer the Property to him. As to his trespass to try title claim, Yarbrough claimed that he had peaceably and adversely possessed the property under color of title for more than three years.

The record does not indicate that Woods was served with, or had notice of, the summary judgment proceedings. When the trial court heard the cross-motions, Woods still had not been served with process.

The trial court granted Brooks's motion for partial summary judgment. The order includes the following pertinent rulings:

(1) the Baldwin Affidavit was "defective and shall be corrected in a court hearing to determine heirship, which will produce a proper judgment naming all the heirs";

(2) both the Woods and Yarbrough deeds were void as a matter of law, though the order does not identify the specific ground on which the court found both deeds void; and

(3) neither Woods nor Yarbrough ever had any legal interest in the Property.

The order does not say so, but we construe it as implicitly denying Yarbrough's cross-motion for summary judgment. Yarbrough moved for

---

[3] *See* Tex. Civ. Prac. & Rem. Code § 16.004.

5

reconsideration, but the trial court denied his motion. Thereafter, on August 27, 2019, the trial court severed "all claims" between Yarbrough and Brooks, thus making the summary judgment order appealable. Yarbrough timely filed an appeal.

Meanwhile, Yarbrough filed an amended petition in the estate proceedings, repeating most of his original claims and defenses as to Brooks and adding additional claims against Woods for breach of the warranties contained in the Yarbrough Deed. Yarbrough served Woods with the amended petition on October 24, 2019. According to Woods, these events caused him to discover for the first time on November 12 that a court had voided the two deeds to which he was a party. Woods filed pleadings on November 12 in the severed action, including an answer and counter- and cross-claims, and sought to set aside the summary judgment. The trial court took no action on Woods's pleadings but determined that Woods first learned of the summary judgment order on November 12. Woods filed a notice of appeal in the severed action and has filed a brief in our court.

### Issues Presented

Yarbrough challenges the summary judgment order. In his appellate brief, Yarbrough complains the trial court erred by: (1) declaring the Woods Deed and the Yarbrough Deed void; (2) denying his cross-motion for summary judgment on limitations; and (3) "ignoring" his adverse possession claim. Alternatively, Yarbrough says fact issues exist on his bona fide purchaser status, limitations, and adverse possession.

Woods has also filed an appellant's brief. In sum, he contends the summary judgment order declaring his lack of interest in the Property and voiding the deeds violated his due process rights, or alternatively does not bind him, because Brooks never served him with any pleading or citation. Woods also contests the merits of summary judgment relief.

6

For his part, Brooks has filed multiple briefs, signed by more than one attorney.[4] On the points we find dispositive, we conclude Brooks's various briefs may be construed consistently, and we consider all of them.

## Standard of Review

We review a trial court's ruling on a motion for summary judgment de novo. *Tarr v. Timberwood Park Owners Assoc., Inc.*, 556 S.W.3d 274, 278 (Tex. 2018); *Texan Land & Cattle II, Ltd. v. ExxonMobil Pipeline Co.*, 579 S.W.3d 540, 542 (Tex. App.—Houston [14th Dist.] 2019, no pet.). To prevail on a traditional motion for summary judgment, the movant must show that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c); *see City of Garland v. Dallas Morning News*, 22 S.W.3d 351, 356 (Tex. 2000). If the movant produces evidence that conclusively establishes his right to summary judgment, then the burden of proof shifts to the nonmovant to present evidence sufficient to raise a fact issue. *See Centeq Realty, Inc. v. Siegler*, 899 S.W.2d 195, 197 (Tex. 1995). If a summary judgment movant fails in his initial burden, the nonmovant has no obligation to respond. *See Amedisys, Inc. v. Kingwood Home Health Care, LLC*, 437 S.W.3d 507, 511-12 (Tex. 2014). We consider all of the evidence in the light most favorable to the nonmovant, indulging every reasonable inference and resolving any doubts in the nonmovant's favor. *See Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005).

When both parties move for summary judgment on overlapping issues and the trial court grants one motion and denies the other, we consider the summary

---

[4] We set this appeal for submission on oral argument. On the day of argument, we were alerted to a dispute regarding which counsel was authorized to speak for Brooks. As counsel were unable to resolve the issue, we postponed argument to await a further filing from Brooks designating authorized counsel. Receiving none after a reasonable period, we removed the case from the oral argument docket and submitted the case on the briefs.

judgment evidence presented by both sides, determine all questions presented, and, if we determine that the trial court erred, render the judgment the trial court should have rendered. *Tarr*, 556 S.W.3d at 278; *Texan Land & Cattle II*, 579 S.W.3d at 542. Each party bears the burden of establishing that it is entitled to judgment as a matter of law. *City of Garland*, 22 S.W.3d at 356.

## Analysis

After careful examination of the summary judgment record, and for the reasons explained below, we conclude that neither Brooks nor Yarbrough established entitlement to judgment as a matter of law.

### A. Baldwin Affidavit

We first note a ruling no party challenges: the trial court's order that the Baldwin Affidavit is "defective" and "shall be corrected in a court hearing to determine heirship, which will produce a proper judgment naming all the heirs." Generally, and under certain conditions, an heirship affidavit constitutes prima facie proof of the facts stated in the affidavit. *See* Tex. Est. Code § 203.001(a).[5] But if the affidavit is alleged to contain errors of fact, any interested party may offer evidence to "prove the true facts." *Id.* § 203.001(b). While a court must accept a compliant heirship affidavit as prima facie evidence of the facts stated therein, a court need not, and could not, accept it as conclusive evidence for summary

---

[5] "A court shall receive in a proceeding to declare heirship or a suit involving title to property a statement of facts concerning . . . the identity of the heirs of a decedent as prima facie evidence of the facts contained in the statement if . . . the statement is contained in . . . an affidavit or other instrument legally executed and acknowledged or sworn to before, and certified by, an officer authorized to take acknowledgements or oaths, as applicable . . . and . . . the affidavit or instrument containing the statement has been of record for five years or more in the deed records of a county in this state in which the property is located at the time the suit involving title to property is commenced. . . ." Tex. Est. Code § 203.001(a). Such an affidavit of heirship may be in the form proscribed by Estates Code section 203.002. *Id.* § 203.001(c).

judgment purposes if another party presents genuine evidence of materially different facts.

Here, Brooks argued that the Baldwin Affidavit failed to comply with section 203.002 in several respects and that it contained errors of fact, namely, the incorrect identification of Hilda's children and heirs. The trial court agreed, at least in part, and ordered a future hearing to produce a judgment "naming all the heirs." We note this ruling to observe that the number and identity of Hilda's heirs is a material fact issue that has yet to be determined. As no party challenges this part of the order, we leave it undisturbed.

## B.    Brooks's Motion

In Yarbrough's first and second issues, he argues the trial court erred in concluding the Woods and Yarbrough Deeds were void. Because Brooks had the burden of proof on his traditional motion for summary judgment, we look to whether he conclusively established the Woods and Yarbrough Deeds were void for any of the reasons he asserted in his motion.[6]

We begin with the Woods Deed. Both Brooks and Yarbrough filed identical copies of the Woods Deed with their respective motions. It is entitled, "Warranty Deed"; it consists in part of a pre-printed form, with the grantor name, grantee name, and the property description completed by hand; it is signed by "James C. Brooks" and acknowledged by a notary public; and it was filed in the county real property records.

---

[6] Because the trial court's order does not specify the ground or grounds on which it ruled the deeds were void, we examine all grounds Brooks raised in his motion. *E.g.*, *Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 242 (Tex. 2001) (per curiam); *Roberts v. Wilson*, 394 S.W.3d 45, 50 (Tex. App.—El Paso 2012, no pet.).

A conveyance of an interest in real property must: (1) be in writing; (2) be signed by the grantor; and (3) be delivered to the grantee. *See* Tex. Prop. Code § 5.021. This court and the First Court of Appeals have also said, if (1) from the instrument as a whole a grantor and grantee can be ascertained and (2) there are operative words or words of grant showing an intention by the grantor to convey to the grantee title to a real property interest, (3) which is sufficiently described, and (4) the instrument is signed and acknowledged by the grantor, then the instrument of conveyance is a deed that accomplishes a legally effective conveyance. *See Gordon v. W. Houston Trees, Ltd.*, 352 S.W.3d 32, 43 (Tex. App.—Houston [1st Dist.] 2011, no pet.); *Green v. Canon*, 33 S.W.3d 855, 858 (Tex. App.—Houston [14th Dist.] 2000, pet. denied). In Texas, it is settled that title to real property will vest upon execution and delivery of the deed. *Stephens Cty. Museum, Inc. v. Swenson*, 517 S.W.2d 257, 261 (Tex. 1974); *McGehee v. Endeavor Acquisitions, LLC*, 603 S.W.3d 515, 526 (Tex. App.—El Paso 2020, no pet.). Moreover, recording of a deed establishes a prima facie case of delivery and the accompanying presumption that the grantor intended to convey the land according to the terms of the deed. *Swenson*, 517 S.W.2d at 261-62 (citing *Thornton v. Rains*, 299 S.W.2d 287 (Tex. 1957)).

As the movant, Brooks was required to produce conclusive evidence that the Woods Deed was void. *E.g.*, *Drake Interiors, Inc. v. Thomas*, 544 S.W.3d 449, 456 (Tex. App.—Houston [14th Dist.] 2018, no pet.). In his motion for summary judgment, Brooks urged that the Woods Deed was void for four reasons:

(1) Brooks, the grantor, was not correctly named, in the sense that his name was incorrectly written on the deed as "Jame" Clinton Brooks, while he signed the document with his true name, "James C. Brooks";

(2) the deed, when signed, did not identify the property because the form was "blank" when Brooks signed it, and the property description was added later without Brooks's involvement or consent;

10

(3)     when Brooks signed the deed, he had no ownership interest in the property because it had not yet been redeemed from the sheriff's sale; and,

(4)     the deed was a "forgery" because the information written on the deed after he signed it created a "false instrument."

We examine each ground in turn.

1.     *Did Brooks prove conclusively that the Woods Deed is void because it incorrectly named the grantor?*

While admitting he signed the Woods Deed, Brooks argued that the deed was void because the document identified the grantor as "Jame" Clinton Brooks, but Brooks says he is "James" Clinton Brooks. But insofar as identifying the grantor is concerned, for a deed to be valid it need show that a "grantor and grantee can be ascertained" from the "instrument as a whole." *See Gordon*, 352 S.W.3d at 43; *Green*, 33 S.W.3d at 858. A slight misnomer, such as this one, generally does not affect a deed's validity. *See Sides v. Saliga*, No. 03-17-00732-CV, 2019 WL 2529551, at *8 (Tex. App.—Austin June 20, 2019, pet. denied) (mem. op.). The acknowledgment by the notary also identifies the grantor as "James Clinton Brooks." Viewing the entire instrument, we conclude that Brooks did not prove as a matter of law that Woods Deed is void because it insufficiently identifies Brooks as the grantor.

2.     *Did Brooks prove conclusively that the Woods Deed is void because it lacked a property description?*

To be valid, a conveyance of real property must contain a sufficient description of the property to be conveyed. *AIC Mgmt. v. Crews*, 246 S.W.3d 640, 645 (Tex. 2008). A property description is sufficient if the writing furnishes within itself, or by reference to some other existing writing, the means or data by which the

11

particular land to be conveyed may be identified with reasonable certainty. *Id.*; *see Broaddus v. Grout*, 258 S.W.2d 308, 309 (Tex. 1953).

We have in our record only one version of the Woods Deed. On its face, the instrument sufficiently identifies the Property. It is signed by Brooks, acknowledged, and recorded. Proof that a deed was recorded creates a presumption and establishes a prima facie case of delivery and intent by the grantor to convey the land. *Watson v. Tipton*, 274 S.W.3d 791, 799 (Tex. App.—Fort Worth 2008, pet. denied). Therefore, the deed, as it appears before us, is presumed valid because it bears all the necessary hallmarks of a valid land conveyance. For Brooks, as a summary judgment movant, establishing conclusively that an acknowledged, recorded deed is void would require evidence sufficient not only to rebut the presumption of validity but also sufficient to prove invalidity as a matter of law.

Brooks contends the deed is void because it contained no property description when he signed it. He presented affidavit evidence that when he signed the Woods Deed, it was a "blank" deed form and "had no information at all regarding the property or anything else." If, however, evidence shows the parties agreed to add a property description after a deed is executed, "the deed as augmented is valid and conveys real property." *Barron v. Al Shmaisani*, No. 02-19-00064-CV, 2021 WL 2253301, at *10-11 (Tex. App.—Fort Worth June 3, 2021, no pet. h.) (mem. op.); *Foster v. Lessing*, 346 S.W.2d 939, 942 (Tex. App.—Waco 1961, writ ref'd n.r.e.); *cf. Republic Nat'l Bank of Dallas v. Stetson*, 390 S.W.2d 257, 261 (Tex. 1965) (holding that deed lacking description when executed conveyed nothing, where undisputed evidence showed that grantor "gave no authority to anyone to fill in the description or alter the document"). But here, Brooks disavowed any such

12

agreement to supply a property description later. Yarbrough did not present controverting evidence on this issue.[7]

Be that as it may, because the recorded, facially valid deed appears in our record and was attached to Brooks's motion, we cannot conclude that Brooks's evidence does anything more than give rise to a fact question as to whether the deed contained the property description when Brooks signed it. *See AIC Mgmt.*, 246 S.W.3d at 647-49 (holding that adequacy of property descriptions conveyed in a series of quitclaim deed transfers could not be conclusively determined on the record before the court; remanding for further proceedings). In light of the recorded instrument, which on its face controverts Brooks's version of events, Brooks has not established *conclusively* that the Woods Deed did not contain a sufficient property description when he signed it.

Even assuming for argument's sake that Brooks proved conclusively the deed described no property when he signed it, we are nonetheless compelled to hold that the absence of a property description would not entitle Brooks, on this record, to a declaration as a matter of law that the Woods Deed is void. This is due to the notary acknowledgement appearing on the face of the deed. The certificate of acknowledgment is prima facie evidence that Brooks appeared before the notary and executed the deed for the purposes and consideration therein expressed. *E.g.*, *Morris v. Wells Fargo Bank, N.A.*, 334 S.W.3d 838, 843 (Tex. App.—Dallas 2011, no pet.); *Watson*, 274 S.W.3d at 802. To overcome the presumptive validity of such an acknowledgement, Brooks needed to present "clear and unmistakable proof" that

---

[7] As Woods, not Yarbrough, was the original grantee from Brooks, Yarbrough would be expected to lack personal knowledge of the circumstances or the form of the Woods Deed when it was signed.

either he did not appear before the notary or that the notary practiced some fraud or imposition upon him. *Morris*, 334 S.W.3d at 843; *Watson*, 274 S.W.3d at 802.

Brooks's affidavit contains no assertion that he did not sign the Woods Deed before a notary. Although he asserts the deed was "blank" when he signed it, a notary would not execute an acknowledgment until after the document was signed. To be sure, Brooks claimed in his *motion* that the notary stamp "was added at some later date unknow[n] to Mr. Brooks." But his *affidavit* does not support that assertion because it is notably silent regarding the circumstances surrounding the notary acknowledgement. Thus, Brooks's affidavit does not present "clear and unmistakable proof" that he did not appear before the notary when he signed the deed, as the Woods Deed reflects on its face. *Morris*, 334 S.W.3d at 843; *Watson*, 274 S.W.3d at 802. Nor has he presented evidence that the notary "practiced some fraud or imposition upon him." *Watson*, 274 S.W.3d at 802.

There exists yet another reason Brooks has failed in his summary judgment burden: as an interested witness, his evidence does not pass muster under rule 166a. Brooks is an interested witness because he is seeking to void a deed he signed as the grantor. Although a "summary judgment may be based on uncontroverted testimonial evidence of an interested witness," such evidence must be "clear, positive, direct, otherwise credible and free from contradictions and inconsistencies, and could have been readily controverted." Tex. R. Civ. P. 166a(c). Yarbrough could not have readily controverted Brooks's affidavit testimony regarding the Woods Deed because he lacked the benefit of personal knowledge surrounding the transaction's circumstances. And Woods—a named defendant and the person best-suited to refute Brooks's statements—was not served with process before the summary judgment ruling and thus lacked an opportunity to respond to Brooks's

14

summary judgment evidence.[8] *Cf. Allied Chem. Corp. v. DeHaven*, 752 S.W.2d 155, 157-58 (Tex. App.—Houston [14th Dist.] 1988, writ denied) ("Self-serving statements of interested parties, testifying as to what they knew or intended, do not meet the standards of Texas courts for summary judgment."); *Bankers Comm. Life Ins. Co. v. Scott*, 631 S.W.2d 228, 231 (Tex. App.—Tyler 1982, writ ref'd n.r.e.) (self-serving statements of interested parties regarding what they knew or intended were "not susceptible to being readily controverted and [were] best left to the determination of the trier of fact").

Additionally, Brooks's summary judgment evidence was not free from contradiction and inconsistency. *See* Tex. R. Civ. P. 166a(c). For example, Brooks presented a presumptively valid deed together with an affidavit attacking the deed's validity. When a movant provides such contradictory or conflicting evidence, generally a fact issue is presented. *See Bastida v. Aznaran*, 444 S.W.3d 98, 108 (Tex. App.—Dallas 2014, no pet.) (discrepancy between party's admission and affidavit created a fact issue; thus, trial court erred in granting summary judgment); *Rankin v. Union Pac. R.R. Co.*, 319 S.W.3d 58, 63 (Tex. App.—San Antonio 2010, no pet.) ("A fact question is created when the summary judgment record contains inconsistent or conflicting summary judgment proof.").

For these reasons, Brooks did not conclusively establish that the Woods Deed is void because it lacked a property description.

---

[8] In his combined answer, affirmative defenses, motion to strike and for sanctions, request for declaratory judgment, counterclaim, and crossclaim, Woods alleged that Brooks conveyed the Property to him under his authority as Hilda's attorney-in-fact, presenting to Woods a durable power of attorney signed by Hilda naming Brooks as her agent with power to act for her in "real property transactions." A copy of this instrument is attached to Woods's pleading. Woods alleged that Brooks did not inform him that, at the time of the conveyance, Brooks's mother was dead. However, the Woods Deed does not indicate that Brooks was conveying the property as Hilda's agent. And the Baldwin Affidavit, dated July 29, 2011, indicates that it was to be returned to Woods after recording. Woods will have an opportunity to support his contentions on remand.

3.  *Did Brooks prove conclusively that the Woods Deed is void because he did not own the Property when he signed the deed?*

Of course, Brooks cannot convey property that he does not own. *See Trial v. Dragon*, 593 S.W.3d 313, 322 (Tex. 2019). But a grantor's lack of actual ownership does not result in a void instrument. *Accord Jackson v. Wildflower Prod. Co.*, 505 S.W.3d 80, 87-88 (Tex. App.—Amarillo 2016, pet. denied) ("If, from the whole instrument, a grantor and grantee can be ascertained, if there are operative words or words of grant showing an intention of the grantor to convey title to a real property interest to the grantee, and if the instrument is signed and acknowledged by the grantor, it is a deed that is legally effective as a conveyance."). If a grantor does not own the property purportedly conveyed, he may be subject to a breach of warranty claim, depending on the language of the deed.[9] *See Trial*, 593 S.W.3d at 321-22 (holding that grantor breached general warranty deed at time of execution where he purported to convey entire fee simple estate that he did not own); *Lykken v. Kindsvater*, No. 02-13-00214-CV, 2014 WL 5771832, at *3 (Tex. App.—Fort Worth Nov. 6, 2014, no pet.) (mem. op.) ("If a grantor does not own the estate in land that he undertakes to convey, he breaches the covenant at the very moment the deed is made."). Summary judgment that the Woods Deed is void cannot rest on this argument.

---

[9] *See Jackson*, 505 S.W.3d at 88-90 (explaining differences between deeds and quitclaim deeds; both convey the grantor's interest in the property described to grantee, but a quitclaim deed grants only whatever "right, title, and interest" the grantor has, whereas a deed purports to grant and convey the described property; nature of given instrument is determined from intent of grantor as expressed in the deed). The Woods Deed on its face purports to be a "Warranty Deed," and grants, sells, and conveys the Property from Brooks to Woods; it does not convey only whatever right, title, or interest Brooks had in the Property. Thus, it is not a quitclaim deed.

4. *Did Brooks prove conclusively that the Woods Deed is void because it was forged?*

A forged deed is void as a matter of law and passes no title. *See Nobles v. Marcus*, 533 S.W.2d 923, 925-26 (Tex. 1976); *Morris*, 334 S.W.3d at 843 (Tex. App.—Dallas 2011, no pet.). "[T]o be a forgery, the signing must be by one who purports to act as another." *Nobles*, 533 S.W.2d at 925-26. Thus, "one who signs his true name, and does not represent himself to be someone else of the same name, does not commit a forgery because his act does not purport to be that of another." *Id.* at 926. In *Nobles*, the supreme court addressed whether a person's signing his own name to a deed—as occurred in today's case—under a false power of attorney caused the deed to be a forgery. There, Marcus, purporting to act as the vice president of a company, executed a warranty deed conveying a company warehouse to another. *Id.* at 924. At closing, a certificate alleged to be a copy of the minutes of a board of director's meeting showing that Marcus was the company's vice president was presented to the title insurance company, which issued a title insurance policy. *Id.* However, Marcus had not been elected as the company's vice president nor had he been properly authorized to convey the property; as well, the certificate presented to the title company was not the corporate resolution it purported to be. *See id.* at 925. Judgment creditors of the company sought to set aside the deed executed by Marcus due to alleged forgery. *See id.* at 924-25. The supreme court, however, held that the deed was not forged because Marcus signed his own name. *Id.* at 926. The court explained:

> Marcus . . . merely signed his own name as vice-president when he had no actual authority to do so. . . . Marcus' signing of the deed conveying the Alpha Welch Warehouse was not forgery. Marcus may be guilty of falsely representing the power under which he executed the instrument but he did not represent his act to be that of another.

*Id.* Thus, the deed was voidable, but not void. *See id.* at 926-27.

17

A similar result obtains here. Brooks does not dispute that he signed the document in question. No one disputes that Hilda owned the Property at the time of her death. After her death, Brooks, one of Hilda's heirs, signed his own name to the Woods Deed, which purports to convey real property Hilda owned to Woods. Brooks bases his forgery argument solely on the proposition that the deed form was blank when he signed it but was completed later. Those circumstances may potentially show fraud, but they do not conclusively prove the deed was forged.

For all of the above reasons, we conclude that Brooks did not establish, as a matter of law, that the Woods Deed was void. The trial court erred in ruling otherwise.

Brooks's challenge to the Yarbrough Deed is based solely on the argument that the Woods Deed is void. As we have concluded the Woods Deed on this record has not been conclusively shown to be void, the summary judgment voiding the Yarbrough Deed cannot stand either. Whether either deed is void, or both, are matters for the factfinder.

## C.    Yarbrough's Motion

In his appeal, Yarbrough challenges the trial court's implicit denial of his cross-motion for summary judgment. In his third and fourth issues, Yarbrough argues the trial court erred by denying him summary judgment on his statute of limitations defense and on his adverse possession claim.

### 1.    *Did Yarbrough prove conclusively his entitlement to judgment based on limitations?*

According to Yarbrough, the trial court failed to recognize that the statute of limitations barred Brooks's claim to the Property. As the basis for his argument, Yarbrough insists the Woods Deed was merely voidable, not void. If the Woods Deed is voidable, the statute of limitations bars Brooks's efforts to invalidate both

18

deeds because he indisputably filed his claim more than four years after any cause of action accrued.[10] *See* Tex. Civ. Prac. & Rem. Code § 16.004; *Wood v. HSBC Bank USA, N.A.*, 505 S.W.3d 542, 548 (Tex. 2016) ("[W]hen an instrument is voidable, a four-year statute of limitations applies to actions to cancel it."); *Ford v. Exxon Mobil Chem. Co.*, 235 S.W.3d 615, 618-19 (Tex. 2007) (per curiam) (holding that actions seeking to set aside voidable deeds must be filed no later than four years after the cause of action accrues); *In re Estate of Allison*, No. 09-16-00066-CV, 2017 WL 4682171, at *4-5 (Tex. App.—Beaumont Oct. 19, 2017, pet. denied) (mem. op.) (holding that cause of action accrued when decedent, who was a party to alleged fraudulent conveyance scheme, executed the deeds).

Yarbrough supported his motion with an affidavit, in which he averred that: (1) he purchased the Property from Woods for $84,000; (2) when he purchased the Property he was not aware of any claims to the Property by Brooks or any other heirs and he used a closing agent and title company to conduct a title search and obtain title insurance; (3) after he purchased the Property, Brooks began to harass him, his handyman, and his tenants regarding Brooks's alleged claims; (4) Brooks knew of Yarbrough's possession and use of the Property more than three years before Brooks asserted claims to it; (5) Brooks knew of Yarbrough's recorded deed for more than four years before Brooks filed his claims; and (6) Yarbrough paid property taxes on, maintained tenants in, and improved and maintained the Property from the date of purchase.

Brooks responded to Yarbrough's motion by asserting that the Woods Deed is void, not voidable, and he relied on his own summary judgment motion and evidence. As we have explained, Brooks presented some evidence that, if accepted

---

[10] In his response to Yarbrough's summary judgment motion, Brooks acknowledged that his claim is barred by the statute of limitations if the deeds are voidable.

by a factifinder, might result in a ruling that the Woods Deed is void. If the Woods Deed is void, Yarbrough's limitations defense will not apply. *E.g.*, *Wood*, 505 S.W.3d at 547-48 (explaining that when an instrument is void, it may be set aside at any time). Therefore, it is premature, at this time, to rule as a matter of law on Yarbrough's limitations defense. The trial court did not err by implicitly denying Yarbrough's summary judgment motion on his limitations defense, and we overrule Yarbrough's third issue.

2.  *Did Yarbrough prove conclusively his entitlement to summary judgment based on adverse possession?*

In his fourth issue, Yarbrough contends the trial court erred in "ignoring Yarbrough's adverse possession claim."

In his summary judgment motion, Yarbrough sought to show that he held the Property "in peaceable and adverse possession under title or color of title" for more than three years, and thus, he acquired title to the Property. *See* Tex. Civ. Prac. & Rem. Code § 16.024 ("A person must bring suit to recover real property held by another in peaceable and adverse possession under title or color of title not later than three years after the day the cause of action accrues."). However, a void deed does not support Yarbrough's adverse possession claim under the three-year statute. *See Johnson v. Bennett*, 176 S.W.3d 41, 46 (Tex. App.—Houston [1st Dist.] 2004, no pet.) (explaining that title cannot be conveyed for purposes of the three-year adverse possession statute by a void deed because a void deed "is neither title nor color of title").

Because Brooks presented some evidence that the Woods Deed is void, and because the factfinder must resolve that question, summary judgment on Yarbrough's adverse possession claim is likewise premature at this time. The trial

20

court did not err in denying Yarbrough's summary judgment motion based on the three-year adverse possession statute.[11] We overrule Yarbrough's fourth issue.

## D. Woods's Appeal

Given our disposition, we need not address the issues raised by Woods in his appeal. Upon remand, Woods will have the opportunity to appear and defend the validity and enforceability of the Woods and Yarbrough Deeds.

### Conclusion

Because Brooks failed to establish his entitlement to judgment as a matter of law, the trial court erred in granting summary judgment in his favor. The court, however, did not err in denying Yarbrough's cross-motion for summary judgment. Thus, we affirm the portion of the summary judgment order implicitly denying Yarbrough's cross-motion, and we affirm the portion of the order declaring the Baldwin Affidavit defective. We reverse the order in all other respects and remand for proceedings consistent with this opinion.

/s/ Kevin Jewell
Justice

Panel consists of Chief Justice Christopher and Justices Jewell and Poissant.

---

[11] On appeal, Yarbrough urges alternatively that he acquired title under the five-year adverse possession statute. *See* Tex. Civ. Prac. & Rem. Code § 16.025. However, he did not present this ground in his summary judgment motion. A trial court cannot grant summary judgment for a reason that the movant does not present to the trial court in writing. *Cincinnati Life Ins. Co. v. Cates*, 927 S.W.2d 623, 625 (Tex. 1996). On appeal, we do not consider issues that were not presented to the trial court. *Mutual of Omaha Life Ins. Co. v. Costello*, 420 S.W.3d 873, 878 n.7 (Tex. App.—Houston [14th Dist.] 2014, no pet.).